## JOHNSON *et al.* v. MAYOR, ETC., OF NEW YORK.[1]

### (*District Court, S. D. New York.* December 3, 1889.)

COLLISION—BETWEEN STEAM AND SAIL—FAILURE TO BACK.

Libelants' lighter was beating down the East river, and coming down the stream, astern of her, came the respondents' steamer, D. The lighter went about when off Seventeenth street, on the New York side, and ran some distance out into the river, when the steamer collided with her, striking her on the port side. The steamer saw the lighter in time to have avoided her. The lighter was prevented from running further towards New York by reason of an eddy near the shore. *Held,* that the collision was caused by the steamer's failure to stop and back with reasonable promptness, and the steamer was answerable for the lighter's damage.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

In Admiralty. Action for damage by collision.

*A. W. Seaman* and *W. T. Cox*, for libelants.

*A. H. Clark*, Corp. Counsel, (*Mr. Carmatt*, of counsel,) for respondents.

BROWN, J. On the 2d of November, 1888, as the libelants' lighter, Styles Hall, was beating down the East river, with the ebb-tide, against a south-west wind, she came in collision, when off Seventeenth street, with the respondents' steamer, the Dassouri, and sustained some damages, for which this libel was filed. Both vessels had come from Newtown creek. The lighter had come across the river upon her port tack. She tacked 200 or 300 yards from the New York shore, and, as she was coming about, first observed the steamer several hundred yards further out in the river, and above her. She soon filled away, and within two or three minutes afterwards was struck upon the port side by the steamer.

The testimony on behalf of the respondents, as well as of the libelants, is that the lighter ran at least an eighth of a mile after tacking before the collision; and the distance from the shore to the point of collision confirms this estimate. It was the duty of the steamer to keep out of the way of the lighter. There were no other vessels near to prevent her doing so. The lighter was seen from the steamer before she tacked, and when she tacked. The steamer was bound for the Seventeenth-Street dock; and there can be no question that when the lighter was seen to be tacking there was abundant time and space for the steamer to keep out of her way. This is proved, not only from the distance the lighter sailed upon her starboard tack before collision, but from the consideration of the additional time it would take her to come about. There was nothing to require the steamer to pass ahead of the lighter's course. Before collision the steamer backed, but too late. It was evidently a case of miscalculation on the steamer's part, and the respondents are answerable therefor.

The lighter, doubtless, might have run a little further towards the shore; but there was an eddy there of some breadth, and the lighter, uncertain of its extent, was entitled to keep away from it, by a sure margin. Had she failed to run out her tack, and come about unnecessarily, so near the steamer as not to leave the latter reasonable and abundant time to keep out of her way, the lighter must have been held in fault; but I cannot find that to be the fact in this case. The time and distance were such that, had the steamer stopped or backed with reasonable promptness after the lighter was seen to be in the way, there would have been no collision.

The fault, therefore, must be charged to the steamer, and a decree allowed for the libelants for the sum of $127.65, the damages proved, amounting, with interest, to $135.31, with costs.